IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LITTLE ROCK FAMILY HOUSING, LLC, HANSCOM FAMILY HOUSING, LLC, PFH MANAGEMENT, LLC, 7604 Technology Way, Denver, CO 80237 and MOODY FAMILY HOUSING, LLC, 200 Pratt Street, Meriden, CT 06450,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL W. WYNN, SECRETARY OF THE DEPARTMENT OF THE AIR FORCE, in his official capacity, Office of the Secretary of the Air Force, United States Department of the Air Force, 1670 Air Force Pentagon, Washington, D.C. 20330-1670, BRIGADIER GENERAL ROWAYNE A. SCHATZ, in his official capacity, Little Rock Air Force Base, 241 AW/PA, 1250 Thomas Avenue, Suite 150, Little Rock AFB, Arkansas, 72099-4929, BRIGADIER GENERAL SUSAN HELMS, in her official capacity, Patrick Air Force Base, 45th Space Wing, Public Affairs, 45 SW/PA, 1201 Edward H. White, Suite C-129, Patrick AFB, Florida 32925-3237, COLONEL THOMAS SCHLUCKEBIER, in his official capacity, Hanscom Air Force Base, 20 Schilling Circle, Hanscom AFB, MA 01731, and COLONEL KENNETH E. TODOROV, Moody Air Force Base, 5113 Austin Ellipse, Moody AFB, GA, 31699.<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiffs Little Rock Family Housing, LLC, Hanscom Family Housing, LLC, PFH Management, LLC, and Moody Family Housing, LLC (collectively, "Plaintiffs"), through counsel, bring this complaint against defendants Michael W. Wynn, Secretary of the Air Force, Brigadier General Rowayne A. Schatz, Brigadier General Susan Helms, Colonel Thomas Schluckebier, and Colonel Kenneth E. Todorov each in their official capacity, and respectfully allege as follows:

## NATURE OF ACTION

This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and for injunctive relief restraining each Defendant from violating Plaintiffs' procedural rights to dispute resolution under the Contract Disputes Act, 41 U.S.C. §§ 601 *et seq.* ("CDA") and agreements for the use of United States Government property by Little Rock Family Housing, LLC, Hanscom Family Housing, LLC, Patrick Family Housing, LLC and Moody Family Housing, LLC (each a "Project Entity" and collectively the "Project Entities") for the demolition, design, construction, renovation, operation and maintenance of rental housing developments, primarily for use by military personnel and their dependents authorized to live on certain Air Force Bases pursuant to the Military Housing Privatization Initiative.

## PARTIES

1. Plaintiff Little Rock Family Housing, LLC ("Little Rock") is a Delaware limited liability company with its principal offices located at 7604 Technology Way, Denver, CO 80237.

2. Plaintiff Hanscom Family Housing, LLC ("Hanscom") is a Delaware limited liability company with its principal offices located at 7604 Technology Way, Denver, CO 80237.

3. Plaintiff PFH Management, LLC ("PFHM")is a Delaware limited liability company with its principal offices located at 7604 Technology Way, Denver, CO 80237. PFHM

1

is the Managing Member of Project Entity Patrick Family Housing, LLC ("Patrick"). The United States of America, by Defendant The Secretary of the Air Force, is the other member of Patrick. Because the Amended and Restated LLC Operating Agreement for Patrick Family Housing, LLC states that the Managing Member of Patrick may not cause Patrick to initiate any litigation "involving an Affiliate of [Patrick] or any of the Members," without the consent of the Government, PFHM brings this action against the Defendants in its own name rather than in the name of Patrick. Because PFHM owns 80% of the membership interests of Patrick, PFHM is aggrieved by the actions complained of in this Complaint for Declaratory Judgment and Injunctive Relief.

   4. Plaintiff Moody Family Housing, LLC ("Moody") is a Delaware limited liability company with its principal offices located at 200 Pratt Street, Meriden, CT 06450.

   5. Defendant Michael W. Wynn (the "Secretary of the Air Force") is the Secretary of the Department of the Air Force (the "Air Force"), an agency of the United States Government with its principal place of business located at the United States Department of the Air Force, 1670 Air Force Pentagon, Washington, D.C. 20330-1670.

   6. Defendant Brigadier General Rowayne A. Schatz is the Base Commander of Little Rock Air Force Base, located at 241 AW/PA, 1250 Thomas Avenue, Suite 150, Little Rock AFB, Arkansas, 72099-4929.

   7. Defendant Brigadier General Susan Helms is the Base Commander of Patrick Air Force Base, 45th Space Wing, Public Affairs, 45 SW/PA, 1201 Edward H. White, Suite C-129, Patrick AFB, Florida 32925-3237.

   8. Defendant Colonel Thomas Schluckebier is the Installation Commander of Hanscom Air Force Base, located at 20 Schilling Circle, Hanscom AFB, MA 01731.

9. Defendant Colonel Kenneth E. Todorov is the Base Commander of Moody Air Force Base, located at Moody Air Force Base, 5113 Austin Ellipse, Moody AFB, GA, 31699.

## JURISDICTION AND VENUE

10. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. This action arises under Contract Disputes Act, 41 U.S.C. §§ 601 *et seq*. Accordingly, federal question jurisdiction exists.

11. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

### Plaintiffs' Business/History of Project

12. The Project Entities are in the business of the demolition, design, construction, renovation, operation and maintenance of rental housing developments, primarily for use by military personnel and their dependents authorized to live on certain Air Force Bases. Each Project Entity entered into agreements with the Air Force to lease (and, with respect to Patrick, to own subject to potential reversion) United States Government land at or near each respective Air Force Base for the purpose of demolishing, designing, constructing, renovating, operating and maintaining a rental housing development, primarily for use by military personnel and their dependents pursuant to the Military Housing Privatization Initiative ("MHPI").

13. The primary purpose of the MHPI is to provide financial incentives for developers to repair, construct and operate housing and community services for active-duty service providers and their families. The Secretary of Defense delegated to the Military Services the MHPI and authorized them to enter into agreements, such as those at issue here, with private developers in a competitive process to own, maintain and operate housing via fifty-year leases.

14. On or about September 21, 2004, Defendant Secretary of the Air Force executed a lease agreement for the use of United States Government property by Plaintiff Hanscom to demolish, design, construct, renovate, operate and maintain a rental housing development, primarily for use by Air Force personnel and their dependents at Hanscom Air Force Base (the "Hanscom Lease Agreement"). The Hanscom Lease Agreement incorporates an attached Operating Agreement, with numerous plans attached, that "sets forth certain detailed procedures and requirements to be followed by the Lessee in constructing, renovating, operating and maintaining the Leased Premises."

15. On or about November 4, 2004, Defendant Secretary of the Air Force executed a lease agreement for the use of United States Government property by Plaintiff Little Rock to demolish, design, construct, renovate, operate and maintain a rental housing development, primarily for use by Air Force personnel and their dependents at Little Rock Air Force Base (the "Little Rock Lease Agreement"). The Little Rock Lease Agreement incorporates an attached Operating Agreement, with numerous plans attached, that "sets forth certain detailed procedures and requirements to be followed by the Lessee in constructing, renovating, operating and maintaining the Leased Premises."

16. On or about July 21, 2005, Defendant Secretary of the Air Force executed a lease agreement for the use of United States Government property by Plaintiff Moody to demolish, design, construct, renovate, operate and maintain a rental housing development, primarily for use by Air Force personnel and their dependents at Moody Air Force Base (the "Moody Lease Agreement"). The Moody Lease Agreement incorporates an attached Operating Agreement, with numerous plans attached, that "sets forth certain detailed procedures and requirements to be followed by the Lessee in constructing, renovating, operating and maintaining the Leased

Premises." In addition, on or about July 21, 2005, Defendant Secretary of the Air Force executed a declaration of restrictive covenants and use agreement with respect to the use of United States Government property by Project Entity Moody, conveyed to Moody by the Air Force, to demolish, design, construct, renovate, operate and maintain a rental housing development near Moody Air Force Base (the "Moody Use Agreement"). The Moody Use Agreement incorporates an attached Operating Agreement, with numerous plans attached, that "sets forth certain detailed procedures and requirements to be followed by the Project Owner in constructing, renovating, operating and maintaining the Owned Project."

17.     On or about April 6, 2005, Defendant Secretary of the Air Force executed a lease agreement for the use of United States Government property by Project Entity Patrick to demolish, design, construct, renovate, operate and maintain a rental housing development, primarily for use by Air Force personnel and their dependents at Patrick Air Force Base (the "Patrick Lease Agreement," and collectively with the Hanscom Lease Agreement, the Little Rock Lease Agreement and the Moody Lease Agreement, the "Lease Agreements"). The Patrick Lease Agreement incorporates an attached Operating Agreement, with numerous plans attached, that "sets forth certain detailed procedures and requirements to be followed by the Lessee in constructing, renovating, operating and maintaining the Leased Premises." In addition, on or about April 6, 2005, Defendant Secretary of the Air Force executed a declaration of restrictive covenants and use agreement with respect to the use of United States Government property by Project Entity Patrick, conveyed to Patrick by the Air Force, to demolish, design, construct, renovate, operate and maintain a rental housing development near Patrick Air Force Base (the "Patrick Use Agreement" and collectively with the Moody Use Agreement, the "Use Agreements"). The Patrick Use Agreement incorporates an attached Operating Agreement, with

5

numerous plans attached, that "sets forth certain detailed procedures and requirements to be followed by the Project Owner in constructing, renovating, operating and maintaining the Owned Project."

18. The "Default, Remedies and Termination" provisions and "Disputes" provisions of the Lease Agreements and the Use Agreements are substantially similar.

**Invocation of The Project Entities' Rights Under the Agreements and the Contract Disputes Act**

19. On August 24, 2007, the Air Force issued a purported "Notice to Cure Non-compliance" to each of the Project Entities alleging certain defaults under the Lease Agreements and, with respect to Patrick and Moody, the Use Agreements.

20. Patrick, Little Rock and Hanscom issued response letters on September 7, 2007, and Moody issued a response letter on September 19, 2007, objecting to the timing of and lack of specificity in the August 24th Notices, and disputing the defaults alleged therein. Each Project Entity also invoked the dispute resolution provisions in its respective Lease Agreement and, with respect to Patrick and Moody, the Use Agreements. In addition, Patrick, Little Rock and Hanscom each reserved "its rights to proceed in any appropriate forum" and stated that it looked forward to working with the Air Force "to establish the procedures to be utilized for the Dispute Resolution proceedings."

21. The contractual dispute resolution procedures set forth in the Lease Agreements and the Use Agreements do not specify what information the Project Entities may submit to the Commander or Secretary, how they may obtain information from the Air Force, or what standards the Air Force decision makers must apply in resolving disputes. Moreover, the procedures do not describe what effect factual and legal conclusions issued during the dispute

6

resolution process will have in later proceedings under the Contract Disputes Act or otherwise. However, the various Lease Agreements and the Use Agreements do specify: "In connection with any dispute between the Parties, each of the [Project Entity] and the Government shall be afforded an opportunity to be heard and to offer evidence in support of its position."

22.     On October 12, 2007, the Air Force issued a letter to each of the Project Entities acknowledging their invocation of the contractual dispute resolution provisions. These letters demanded the Project Entities to forward, under purported procedures unilaterally imposed by the Air Force and by a purported unilaterally imposed November 1, 2007 deadline, a list of matters in dispute, along with any other information to be considered by the Commander of each respective Air Force Base as the initial decision-maker under the contractual dispute resolution process.

23.     Throughout the remainder of October and November 2007, the Project Entities and the Air Force engaged in a series of e-mails, letters and telephone calls in which the parties attempted to negotiate an acceptable "suspension agreement," which would have had the effect of suspending the dispute resolution process while the parties negotiated a sale of the projects to certain third-party bidders. As part of this negotiation, the Air Force insisted that the parties agree upon the timing and processes of the dispute resolution procedures under the Lease Agreements and the Use Agreements and indicated, in an email dated November 13, 2007, its position that the Contract Disputes Act is not applicable to military housing privatization and does not govern any dispute between the parties.

24.     During the negotiation of the suspension agreement, the Air Force extended several times, ultimately until November 28, 2007, its purported November 1, 2007 deadline for the Project Entities to forward materials for submission to each Air Force Base Commander. But

7

despite the Project Entities' best efforts, the parties could not negotiate an acceptable suspension agreement by the extended November 28, 2007 date.

25.    Little Rock, Hanscom and Patrick issued letters on November 28, 2007, and Moody issued a letter on November 29, 2007, respectfully rejecting the unilateral November 28, 2007 deadline proposed by the Air Force for submission of materials in the dispute resolution process, and requesting access to information from the Air Force in order to support their positions in the dispute resolution process. The Project Entities also explicitly stated that the federal Contract Disputes Act applies to these disputes. The Project Entities invited the Air Force to discuss the development of workable dispute resolution procedures, as well as how the Contract Disputes Act provisions would overlay the contractual dispute resolution process.

26.    On December 3, 2007, Moody received a letter from the Air Force dated November 27, 2007. The Air Force's letter to Moody indicated that "the Air Force requested that *on or before 1 November 2007*, you provide the Air Force whatever information, materials, and/or documentation you wished the Commander to consider regarding the matters in dispute," and because no such materials had been received, the "sole information" the Air Force would forward to the Commander would include the prior correspondence between the parties as well as "any information the Air Force determines is relevant" for "his consideration and decision regarding all outstanding disputes between the Air Force and [Moody]." (emphasis added). Accordingly, the letter ignored the fact that the Air Force had extended its purported November 1, 2007 deadline to November 28, 2007, and attempted to immediately obtain a decision from the Moody Air Force Base Commander on the disputes between Moody and the Air Force, without giving Moody "an opportunity to be heard and to offer evidence" as required by the Moody

8

Lease Agreement and the Moody Use Agreement (and the Lease Agreements and the Patrick Use Agreement entered into by the other Project Entities).

27. On December 4, 2007, Patrick, Little Rock and Hanscom issued letters, and Moody issued a letter on December 5, 2007, to the Air Force stating that, subject to any changes that may result from continued discussions, they each intend to submit materials with respect to the dispute to the respective Commanders within 210 days. Further, the letters advised the Air Force that the Project Entities intended to seek the aid of this Court to resolve the parties' disputes concerning the contractual dispute resolution process and how the Contract Disputes Act applies to the dispute. Patrick, Little Rock, Hanscom and Moody further advised the Air Force that, pending further discussions and/or the conclusion of this litigation, they expected that each Commander would not purport to make a decision on the dispute without giving the Project Entities an opportunity to be heard and to offer evidence in support of their positions.

**Threat of Imminent Harm**

28. The Air Force's November 27, 2007 letter to Moody ignored the fact that the Air Force had extended its purported November 1, 2007 deadline to November 28, 2007, and attempts to immediately obtain a decision from the Moody Air Force Base Commander on the disputes between Moody and the Air Force, without giving Moody "an opportunity to be heard and to offer evidence" as required by the Moody Lease Agreement and the Moody Use Agreement (and the Lease Agreements and the Patrick Use Agreement entered into by the other Project Entities).

29. Furthermore, in its October 12th letters, the Air Force unilaterally attempted to impose a November deadline for submission of all "information, materials and/or documentation [they] wish the Commander to consider before he makes his decision." The Project Entities

9

contend that this timetable is unreasonably short given the complexity of the dispute. In addition, the Air Force's unilaterally imposed purported timetable and procedures do not provide the Project Entities with an opportunity to collect vital information from the Air Force that would allow them an opportunity to be heard and to offer evidence in support of their position as required under the Lease Agreements' and the Use Agreements' contractual dispute resolution provisions. As just a few examples, the Project Entities do not have access to sufficient information concerning: the Air Force's knowledge of the economic circumstances underlying the parties' Lease Agreements, the Air Force's knowledge concerning its military housing requirements at the respective Air Force Bases at and around the time the Lease Agreements and Use Agreements were negotiated and executed, studies undertaken by the Air Force regarding the impact of weather conditions on the construction and renovation of housing by the Project Entities, or the basis or justification for the Air Force's modifications to construction plans.

30. As made clear by the Air Force's November 27, 2007 letter to Moody, the Plaintiffs believe that there is a substantial risk that the Air Force will request each Base Commander to issue an immediate decision based solely on Air Force materials that the Project Entities do not possess. Moreover, the Plaintiffs are concerned that the Air Force will argue that the Commanders' or Secretary's initial factual and legal conclusions should be given preclusive effect in later proceedings, or alternatively, that the Air Force will reiterate its stated position that the Contract Disputes Act does not govern the Lease Agreements and that the Base Commander or Secretary's conclusions are therefore final.

31. Additionally, there is an imminent risk that the Air Force will attempt to declare an Event of Default and terminate the Lease Agreements and the Use Agreements. Pursuant to the Lease Agreements and the Use Agreements, if an Event of Default exists, the Air Force may

terminate the respective agreements effective upon at least five days' notice. However, the Lease Agreements and the Use Agreements further provide that "No Event of Default shall be deemed to have occurred for any period of time during which an 'Excusable Delay,' . . . exists or the [Project Entity] and the Government are *attempting to resolve a dispute about an alleged default* as provided in [the contractual dispute resolution provisions]" (emphasis added). A termination of the Lease Agreements and the Use Agreements while the Project Entities continue to pursue the dispute resolution process would therefore violate this provision of the respective Lease Agreements and the Use Agreements.

      32. The Air Force will suffer no harm as a result of the temporary restraining order and injunctive relief sought by Plaintiffs because such relief will merely cause it to comply with the relevant provisions of the Lease Agreements and the Use Agreements and federal law as set forth under the Contract Disputes Act.

## COUNT I

### (Declaratory Relief Pursuant to 28 U.S.C. § 2201 )

      33. Plaintiffs reallege Paragraphs 1 through 32 as though fully set forth herein.

      34. An actual, justiceable controversy exists between the parties with respect to the application of the Contract Disputes Act to the Lease Agreements and Use Agreements.

      35. Accordingly, Plaintiffs are entitled to a judgment declaring that:

          (a) the Contract Disputes Act applies to disputes under the Lease Agreements and the Use Agreements;

          (b) participation in the dispute resolution process provided for in the Lease Agreements and the Use Agreements does not operate as a waiver of, or substitute for, said rights.

## COUNT II

### (Injunctive Relief)

36. Plaintiffs reallege Paragraphs 1 through 32 as though fully set forth herein.

37. Plaintiffs have established a substantial likelihood of success on the merits of their claim that the Contract Disputes Act applies to disputes under the Lease Agreements and the Use Agreements.

38. Plaintiffs will be irreparably harmed in the absence of injunctive relief.

39. Defendant will not be injured by the grant of injunctive relief.

40. The public interest will be furthered by the grant of injunctive relief.

41. Accordingly, Plaintiffs are entitled to injunctive relief restraining and enjoining Defendant from:

(a) proceeding with the dispute resolution process in the absence of an agreement with the Project Entities that affords the Project Entities a meaningful "opportunity to be heard and to offer evidence in support of its position" as required under the Lease Agreements and the Use Agreements; and

(b) declaring an Event of Default and/or terminating the Lease Agreements and/or the Use Agreements during the on-going discussions as to the dispute resolution process, or before the dispute resolution is completed, including through use of the procedures provided by the Contract Disputes Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays for the following relief:

1.  Declaratory relief stating that:

    (a) the Contract Disputes Act applies to disputes under the Lease Agreements and the Use Agreements;

    (b) participation in the dispute resolution process provided for in the Lease Agreements and the Use Agreements is, at most, a condition precedent to each Project Entity exercising its rights under the Contract Disputes Act, and does not operate as a waiver or, or substitute for, said rights; and

2.  An order enjoining and restraining Defendants from:

    (a) proceeding with the dispute resolution process in the absence of an agreement with Project Entities that affords the Project Entities a meaningful "opportunity to be heard and to offer evidence in support of its position" as required under the Lease Agreements and the Use Agreements; and

    (b) declaring an Event of Default and/or terminating the Lease Agreements and/or the Use Agreements during the on-going discussions as to the dispute resolution process, or before the dispute resolution process is completed, including through use of the procedures provided by the Contracts Dispute Act.

3.  Costs, expenses, and reasonable attorneys' fees; and

4.  Such other and further relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: December 6, 2007 | *[signature]* |
|  | JOSEPH D. WEST, DC Bar No. 938183, |
|  | JWest@gibsondunn.com |
| OF COUNSEL: | GIBSON, DUNN & CRUTCHER LLP |
|  | 1050 Connecticut Avenue N.W. |
| Mitchell A. Karlan | Washington, District of Columbia 20036 |
| Michael A. Rosenthal |  |
|  | Telephone: (202) 955-8500 |
|  | Facsimile: (202) 467-0539 |
|  | Attorneys for Plaintiffs Little Rock Family Housing, LLC, Hanscom Family Housing, LLC, and PFH Management, LLC. |
|  | *Timothy D. Hawkes by [signature]* |
|  | TIMOTHY D. HAWKES, DC Bar No. 467822 *JOSEPH D WEST* |
|  | thawkes@brownrudnick.com |
| OF COUNSEL: | BROWN RUDNICK |
|  | 601 Thirteenth Street NW |
| William R. Baldiga | Suite 600 |
|  | Washington, DC 20005 |
|  | Telephone: (202) 536-1700 |
|  | Facsimile: (202) 347-4242 |
|  | Attorneys for Plaintiff Moody Family Housing, LLC. |

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Little Rock Family Housing, LLC, Hanscom Family Housing, LLC, PFH Management, LLC and Moody Family Housing, LLC

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Joseph D. West, DC Bar No. 938183
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue N.W.
Washington, DC 20036
(202) 955-8500

Timothy D. Hawkes, Esq. DC Bar No. 467822
Brown Rudnick
601 Thirteenth Street NW
Suite 600
Washington, DC 20005
(202) 536-1700

## DEFENDANTS

Michael W. Wynn, Secretary of the Department of the Air Force, Brigadier General Rowayne A. Schatz, Brigadier General Susan Helms, Colonel Thomas Schluckebier, and Colonel Kenneth E. Todorov

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
- [ ] 410 Antitrust

○ **B. Personal Injury/Malpractice**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

⊙ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [X] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|  G. *Habeas Corpus/ 2255*                                      |  H. *Employment Discrimination*                                                                                                                                  |  I. *FOIA/PRIVACY ACT*                                                                                                                |  J. *Student Loan*                                                    |
| ------------------------------------------------------------- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------- | ------------------------------------------------------------------------------------------------------------------------------------- | --------------------------------------------------------------------- |
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence    | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)*              | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans)        |

|  K. *Labor/ERISA (non-employment)*                                                                                                                                                    |  L. *Other Civil Rights (non-employment)*                                                                                                                                 |  M. *Contract*                                                                                                                                                                                                                                                                                                      |  N. *Three-Judge Court*                                    |
| --------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ---------------------------------------------------------- |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act)           |

**V. ORIGIN**
● 1 Original Proceeding
○ 2 Removed from State Court
○ 3 Remanded from Appellate Court
○ 4 Reinstated or Reopened
○ 5 Transferred from another district (specify)
○ 6 Multi district Litigation
○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
41 U.S.C. 601 et seq. - Applicability of Contract Disputes Act to lease agreements with U.S. Air Force for military housing

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 12/6/2007    SIGNATURE OF ATTORNEY OF RECORD  *Joseph D. West / Timothy D. Hawkes by Joseph D. West*

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.