## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LITTLE ROCK FAMILY HOUSING, LLC,
HANSCOM FAMILY HOUSING, LLC, PFH
MANAGEMENT, LLC, and MOODY
FAMILY HOUSING, LLC,

        Plaintiffs,

    v.

MICHAEL W. WYNN, SECRETARY OF THE
DEPARTMENT OF THE AIR FORCE, et al.

        Defendants.

Civil Action No. 1:07-cv-02198

## STIPULATION OF DISMISSAL

Plaintiffs, Little Rock Family Housing, LLC, Hanscom Family Housing, LLC, PFH

Management, LLC and Moody Family Housing, LLC, and Defendants, Michael W. Wynn,

Secretary of the Department of the Air Force, Brigadier General Rowayne A. Schatz, Brigadier

General Susan Helms, Colonel Thomas Schluckebier and Colonel Kenneth E. Todorov, by

counsel, hereby stipulate and agree as follows:

1.    Plaintiffs and Defendants have settled the above-captioned case and stipulate that

disputes under the Hanscom Lease Agreement, Little Rock Lease Agreement, Moody Lease

Agreement, Patrick Lease Agreement, Moody Use Agreement and Patrick Use Agreement (as

identified in Plaintiffs' Complaint for Declaratory Judgment and Injunctive Relief) are subject to

the Contract Disputes Act as provided in the First Amendments to Lease of Property and First

Amendments to Use Agreement (together attached hereto as Exhibit A) executed by the United

States of America, acting by and through the Secretary of the Air Force, and the relevant

Plaintiff.

2.     Plaintiffs and Defendants further stipulate that the following provisions will be

included in any alternative dispute resolution (ADR) agreement executed pursuant to Condition

23.4 of the First Amendment to Lease of Property:

    a.     Any ADR procedures shall be concluded within 60 days from commencement of the ADR procedures, or such later period as the Parties mutually agree.

    b.     None of the Parties shall subpoena or seek in any way the oral or written testimony of the third party neutral for any purpose related to the dispute or in any other proceeding.

    c.     All ADR proceedings, including statements made during or documents prepared for such proceedings by any party, attorney, or other participant are privileged and shall not be disclosed in any subsequent proceeding or document or construed for any purpose as an admission against interest.

    d.     No Party shall be bound by anything said or done during ADR proceedings except to the extent embodied in a written agreement signed by the applicable Parties.

3.     Pursuant to this settlement and stipulation, Plaintiffs hereby dismiss the above-

captioned case, with each party to bear its own fees and costs.

Respectfully Submitted,

Dated: May **20** , 2008

JOSEPH D. WEST, DC Bar No. 938183
JWest@gibsondunn.com

OF COUNSEL:

Mitchell A. Karlan
Michael A. Rosenthal

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, District of Columbia 20036

Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Attorneys for Plaintiffs Little Rock Family
Housing, LLC, Hanscom Family Housing,
LLC, and PFH Management, LLC

*Timothy D. Hawkes*
*(with permission by ____)*

TIMOTHY D. HAWKES, DC Bar No. 467822
thawkes@brownrudnick.com

OF COUNSEL:

William R. Baldiga

BROWN RUDNICK
601 Thirteenth Street NW
Suite 600
Washington, DC 20005

Telephone: (202) 536-1700
Facsimile: (202) 347-4242

Attorneys for Plaintiff Moody Family Housing,
LLC

JEFFREY A. TAYLOR, DC Bar No. 498610
United States Attorney

RUDOLPH CONTRERAS, Bar No. 434122
Assistant United States Attorney

JANE M. LYONS, DC Bar No. 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

Attorneys for Defendants

# DEPARTMENT OF THE AIR FORCE
## FIRST AMENDMENT TO AMENDED AND RESTATED
## DECLARATION OF RESTRICTIVE COVENANTS AND USE AGREEMENT
## FOR MILITARY HOUSING PROJECT

THIS FIRST AMENDMENT TO AMENDED AND RESTATED DECLARATION OF RESTRICTIVE COVENANTS AND USE AGREEMENT FOR MILITARY HOUSING PROJECT ("First Amendment") is made to be effective as of May ___20___, 2008, (the "Effective Date"), by and between THE UNITED STATES OF AMERICA, acting by and through THE SECRETARY OF THE AIR FORCE (the "Government") and MOODY FAMILY HOUSING, LLC, a limited liability company created under the laws of the State of Delaware, with its principal offices located at 200 Pratt Street, Meriden, Connecticut, 06450 ("Project Owner"). The Government and Project Owner jointly sometimes are referred to in this First Amendment as the "Parties."

## RECITALS

A.    The Government and Project Owner executed an Amended and Restated Declaration of Restrictive Covenants and Use Agreement for Military Housing Project as of July 1, 2005 (the "Use Agreement") which provides for the development and management of a parcel of land situated beyond the boundaries of Moody AFB of a rental housing development primarily for use by military personnel and their dependents.

B.    Section 21 of the Use Agreement provides the terms for resolution of disputes between the Parties.

C.    The Government and Project Owner desire to amend and restate Section 21 as set forth in this First Amendment.

## AGREEMENTS

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    The existing Section 21 of the Use Agreement shall be deleted in its entirety and the following Section 21 substituted therefor:

## SECTION 21.

## DISPUTES

21.1    Disputes under this Use Agreement are subject to the Contract Disputes Act of 1978, as amended, 41 U.S.C. §§ 601 *et seq*. Notwithstanding anything in this Use Agreement to the contrary, at any time, either party may submit a claim in accordance with the Contract Disputes Act. If a dispute should arise, the Parties agree to first attempt to resolve the dispute using unassisted negotiation techniques (i.e., without the assistance of a neutral third party).

First Amendment to Amended and Restated
Declaration of Restrictive Covenants and
Use Agreement – Moody AFB                                                                    1

Either party may request in writing that unassisted negotiations commence. As part of the unassisted negotiation, the Parties shall consider employing joint fact-finding, if material factual disputes are involved, and shall consider using other early resolution techniques appropriate to the circumstances. If the dispute involves material issues of fact, the Parties may employ a neutral third party to provide a confidential evaluation of the issues of fact. If the dispute is not resolved within 60 days of the request for unassisted negotiations, and the Parties do not mutually agree to continue the unassisted negotiations, the Parties shall employ alternative dispute resolution (ADR) procedures involving nonbinding mediation of the dispute by a neutral third party. The ADR procedures employed shall include a confidential evaluation of both the facts and the law and the issuance of confidential recommendations by the third party neutral.

21.2    If the Parties are unable to resolve the dispute following unassisted negotiations and/or the ADR proceeding, and the dispute already has been the subject of a claim under the Contract Disputes Act, the contracting officer shall issue a final decision under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613 on the claim. To the extent the dispute has not been the subject of a prior contract claim, a party wishing to further pursue the dispute may submit the claim under the Contract Disputes Act without the need for further unassisted negotiations or ADR. Before the contracting officer can issue a final decision on a contractor claim, the claim must be submitted in writing to the contracting officer at the address provided in Section 20, and must comply with all requirements of 41 U.S.C. § 605. The contracting officer's final decision may be appealed as provided in 41 U.S.C. §§ 607 and 609.

21.3    Notwithstanding any other provision of this Use Agreement to the contrary, the disputes procedures set forth in this Section 21 supersede any other disputes procedures set forth in this Use Agreement.

21.4    Voluntary Agreement. By entering into this Use Agreement, the Parties have voluntarily adopted ADR procedures. A Party rejecting ADR as inappropriate shall document its reasons in writing and deliver them to the other Party. The Parties shall enter into a master written ADR Agreement governing ADR proceedings that may be amended as needed to fit individual proceedings. (A template of an acceptable ADR agreement may be found at www.adr.af.mil.)

21.5    The Parties understand and agree that the Government's obligation to make any payment arising out of an agreement resolving a dispute under this Use Agreement is contingent upon the availability of funds proper for such payment.

2.    Except as provided herein, all of the terms, provisions and conditions of the Use Agreement are and shall remain in full force and effect.

3.    This First Amendment may be executed in one or more counterparts, each of which shall be an original and all of which shall constitute one and the same instruments.

IN WITNESS WHEREOF, the Parties have executed this First Amendment as of the Effective Date.

First Amendment to Amended and Restated
Declaration of Restrictive Covenants and
Use Agreement – Moody AFB                                                                    2

**GOVERNMENT SIGNATURE PAGE TO
FIRST AMENDMENT TO AMENDED AND RESTATED DECLARATION OF
RESTRICTIVE COVENANTS AND USE AGREEMENT
MOODY AFB**

THE UNITED STATES OF AMERICA,
Acting by and through the Secretary of the
Air Force

By: _____

KATHLEEN I. FERGUSON, P.E.
Deputy Assistant Secretary of the Air Force
(Installations)

First Amendment to Amended and Restated
Declaration of Restrictive Covenants and
Use Agreement – Moody AFB                                    3

**PROJECT OWNER SIGNATURE PAGE TO**
**FIRST AMENDMENT TO AMENDED AND RESTATED DECLARATION OF**
**RESTRICTIVE COVENANTS AND USE AGREEMENT**
**MOODY AFB**

MOODY FAMILY HOUSING, LLC

By:    MFH Management, LLC, its managing
member

By:    _____
Salvatore R. Carabetta,
Authorized Signatory

First Amendment to Amended and Restated
Declaration of Restrictive Covenants and
Use Agreement – Moody AFB                                    4

# DEPARTMENT OF THE AIR FORCE

## FIRST AMENDMENT TO AMENDED AND RESTATED LEASE OF PROPERTY

## ON MOODY AIR FORCE BASE, GEORGIA

THIS FIRST AMENDMENT TO AMENDED AND RESTATED LEASE OF PROPERTY ("First Amendment") is made to be effective as of May _20_, 2008, (the "Effective Date"), by and between THE UNITED STATES OF AMERICA, acting by and through THE SECRETARY OF THE AIR FORCE (the "Government") and MOODY FAMILY HOUSING, LLC, a limited liability company created under the laws of the State of Delaware, with its principal offices located at 200 Pratt Street, Meriden, Connecticut, 06450 ("Lessee"). The Government and Lessee jointly sometimes are referred to in this First Amendment as the "Parties."

## RECITALS

A.      The Government and Lessee executed an Amended and Restated Lease of Property as of July 1, 2005 (the "Lease") which provides for the lease of two (2) parcels of land situated within the boundaries of Little Rock AFB, for purposes of demolition, design, construction, renovation, operation and maintenance of a rental housing development.

B.      Condition 23 of the Lease provides the terms for resolution of disputes between the Parties.

C.      The Government and Lessee desire to amend and restate Condition 23 as set forth in this First Amendment.

## AGREEMENTS

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      The existing Condition 23 of the Lease shall be deleted in its entirety and the following Condition 23 substituted therefor:

## CONDITION 23.

## DISPUTES

23.1    Disputes under this Lease are subject to the Contract Disputes Act of 1978, as amended, 41 U.S.C. §§ 601 *et seq*. Notwithstanding anything in this Lease to the contrary, at any time, either party may submit a claim in accordance with the Contract Disputes Act. If a dispute should arise, the Parties agree to first attempt to resolve the dispute using unassisted negotiation techniques (i.e., without the assistance of a neutral third party). Either party may request in writing that unassisted negotiations commence. As part of the unassisted negotiation, the Parties shall consider employing joint fact-finding, if material factual disputes are involved, and shall consider using other early resolution techniques appropriate to the circumstances. If the dispute involves material issues of fact, the Parties may employ a neutral third party to

First Amendment to Amended and
Restated Lease of Property – Moody AFB                                          1

provide a confidential evaluation of the issues of fact. If the dispute is not resolved within 60 days of the request for unassisted negotiations, and the Parties do not mutually agree to continue the unassisted negotiations, the Parties shall employ alternative dispute resolution (ADR) procedures involving nonbinding mediation of the dispute by a neutral third party. The ADR procedures employed shall include a confidential evaluation of both the facts and the law and the issuance of confidential recommendations by the third party neutral.

23.2    If the Parties are unable to resolve the dispute following unassisted negotiations and/or the ADR proceeding, and the dispute already has been the subject of a claim under the Contract Disputes Act, the contracting officer shall issue a final decision under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613 on the claim. To the extent the dispute has not been the subject of a prior contract claim, a party wishing to further pursue the dispute may submit the claim under the Contract Disputes Act without the need for further unassisted negotiations or ADR. Before the contracting officer can issue a final decision on a contractor claim, the claim must be submitted in writing to the contracting officer at the address provided in Condition 20, and must comply with all requirements of 41 U.S.C. § 605. The contracting officer's final decision may be appealed as provided in 41 U.S.C. §§ 607 and 609.

23.3    Notwithstanding any other provision of this Lease to the contrary, the disputes procedures set forth in this Condition 23 supersede any other disputes procedures set forth in this Lease.

23.4    Voluntary Agreement. By entering into this Lease, the Parties have voluntarily adopted ADR procedures. A Party rejecting ADR as inappropriate shall document its reasons in writing and deliver them to the other Party. The Parties shall enter into a master written ADR Agreement governing ADR proceedings that may be amended as needed to fit individual proceedings. (A template of an acceptable ADR agreement may be found at www.adr.af.mil.)

23.5    The Parties understand and agree that the Government's obligation to make any payment arising out of an agreement resolving a dispute under this Lease is contingent upon the availability of funds proper for such payment.

2.    Except as provided herein, all of the terms, provisions and conditions of the Lease are and shall remain in full force and effect.

3.    This First Amendment may be executed in one or more counterparts, each of which shall be an original and all of which shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have executed this First Amendment as of the Effective Date.

[Signatures appear on the following pages]

First Amendment to Amended and
Restated Lease of Property – Moody AFB

2

GOVERNMENT SIGNATURE PAGE TO
FIRST AMENDMENT TO AMENDED AND RESTATED LEASE OF PROPERTY
MOODY AFB

THE UNITED STATES OF AMERICA,
Acting by and through the Secretary of the
Air Force

By: _Kathleen I. Ferguson_____

KATHLEEN I. FERGUSON, P.E.
Deputy Assistant Secretary of the Air Force
(Installations)

LESSEE SIGNATURE PAGE TO
FIRST AMENDMENT TO AMENDED AND RESTATED LEASE OF PROPERTY
MOODY AFB

MOODY FAMILY HOUSING, LLC

By:     MFH Management, LLC, its managing
        member

By:     _____
        Salvatore R. Carabetta,
        Authorized Signatory

# DEPARTMENT OF THE AIR FORCE
## FIRST AMENDMENT TO LEASE OF PROPERTY
## ON PATRICK AIR FORCE BASE, FLORIDA

THIS FIRST AMENDMENT TO LEASE OF PROPERTY ("First Amendment") is made to be effective as of May __20__, 2008, (the "Effective Date"), by and between THE UNITED STATES OF AMERICA, acting by and through THE SECRETARY OF THE AIR FORCE (the "Government") and PATRICK FAMILY HOUSING, LLC, a limited liability company created under the laws of the State of Delaware, with its principal offices located at 200 Pratt Street, Meriden, Connecticut, 06450 ("Lessee"). The Government and Lessee jointly sometimes are referred to in this First Amendment as the "Parties."

## RECITALS

A.    The Government and Lessee executed an Amended and Restated Lease of Property as of April 1, 2005 (the "Lease") which provides for the lease of one (1) parcel of land situated within the boundaries of Little Rock AFB, for purposes of demolition, design, construction, renovation, operation and maintenance of a rental housing development.

B.    Condition 23 of the Lease provides the terms for resolution of disputes between the Parties.

C.    The Government and Lessee desire to amend and restate Condition 23 as set forth in this First Amendment.

## AGREEMENTS

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    The existing Condition 23 of the Lease shall be deleted in its entirety and the following Condition 23 substituted therefor:

## CONDITION 23.
## DISPUTES

23.1    Disputes under this Lease are subject to the Contract Disputes Act of 1978, as amended, 41 U.S.C. §§ 601 *et seq.* Notwithstanding anything in this Lease to the contrary, at any time, either party may submit a claim in accordance with the Contract Disputes Act. If a dispute should arise, the Parties agree to first attempt to resolve the dispute using unassisted negotiation techniques (i.e., without the assistance of a neutral third party). Either party may request in writing that unassisted negotiations commence. As part of the unassisted negotiation, the Parties shall consider employing joint fact-finding, if material factual disputes are involved, and shall consider using other early resolution techniques appropriate to the circumstances. If the dispute involves material issues of fact, the Parties may employ a neutral third party to provide a confidential evaluation of the issues of fact. If the dispute is not resolved within 60

First Amendment to Lease of Property –
Patrick AFB

days of the request for unassisted negotiations, and the Parties do not mutually agree to continue the unassisted negotiations, the Parties shall employ alternative dispute resolution (ADR) procedures involving nonbinding mediation of the dispute by a neutral third party. The ADR procedures employed shall include a confidential evaluation of both the facts and the law and the issuance of confidential recommendations by the third party neutral.

23.2    If the Parties are unable to resolve the dispute following unassisted negotiations and/or the ADR proceeding, and the dispute already has been the subject of a claim under the Contract Disputes Act, the contracting officer shall issue a final decision under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613 on the claim. To the extent the dispute has not been the subject of a prior contract claim, a party wishing to further pursue the dispute may submit the claim under the Contract Disputes Act without the need for further unassisted negotiations or ADR. Before the contracting officer can issue a final decision on a contractor claim, the claim must be submitted in writing to the contracting officer at the address provided in Condition 20, and must comply with all requirements of 41 U.S.C. § 605. The contracting officer's final decision may be appealed as provided in 41 U.S.C. §§ 607 and 609.

23.3    Notwithstanding any other provision of this Lease to the contrary, the disputes procedures set forth in this Condition 23 supersede any other disputes procedures set forth in this Lease.

23.4    Voluntary Agreement. By entering into this Lease, the Parties have voluntarily adopted ADR procedures. A Party rejecting ADR as inappropriate shall document its reasons in writing and deliver them to the other Party. The Parties shall enter into a master written ADR Agreement governing ADR proceedings that may be amended as needed to fit individual proceedings. (A template of an acceptable ADR agreement may be found at www.adr.af.mil.)

23.5    The Parties understand and agree that the Government's obligation to make any payment arising out of an agreement resolving a dispute under this Lease is contingent upon the availability of funds proper for such payment.

2.    Except as provided herein, all of the terms, provisions and conditions of the Lease are and shall remain in full force and effect.

3.    This First Amendment may be executed in one or more counterparts, each of which shall be an original and all of which shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have executed this First Amendment as of the Effective Date.

[Signatures appear on the following pages]

First Amendment to Lease of Property –
Patrick AFB

**GOVERNMENT SIGNATURE PAGE TO**
**FIRST AMENDMENT TO LEASE OF PROPERTY**
**PATRICK AFB**

THE UNITED STATES OF AMERICA,
Acting by and through the Secretary of the
Air Force

By: _____
     KATHLEEN I. FERGUSON, P.E.
     Deputy Assistant Secretary of the Air Force
     (Installations)

LESSEE SIGNATURE PAGE TO
FIRST AMENDMENT TO LEASE OF PROPERTY
PATRICK AFB

PATRICK FAMILY HOUSING, LLC

By:    PFH Management, LLC, its managing
member

By:    _____
Salvatore R. Carabetta,
Authorized Signatory

First Amendment to Lease of Property –
Patrick AFB

# DEPARTMENT OF THE AIR FORCE
## FIRST AMENDMENT TO AMENDED AND RESTATED
## DECLARATION OF RESTRICTIVE COVENANTS AND USE AGREEMENT
## FOR MILITARY HOUSING PROJECT

THIS FIRST AMENDMENT TO AMENDED AND RESTATED DECLARATION OF RESTRICTIVE COVENANTS AND USE AGREEMENT FOR MILITARY HOUSING PROJECT ("First Amendment") is made to be effective as of May __20__, 2008, (the "Effective Date"), by and between THE UNITED STATES OF AMERICA, acting by and through THE SECRETARY OF THE AIR FORCE (the "Government") and PATRICK FAMILY HOUSING, LLC, a limited liability company created under the laws of the State of Delaware, with its principal offices located at 200 Pratt Street, Meriden, Connecticut, 06450 ("Project Owner"). The Government and Project Owner jointly sometimes are referred to in this First Amendment as the "Parties."

## RECITALS

A.     The Government and Project Owner executed an Amended and Restated Declaration of Restrictive Covenants and Use Agreement for Military Housing Project as of April 1, 2005 (the "Use Agreement") which provides for the development and management of a parcel of land situated beyond the boundaries of Patrick AFB of a rental housing development primarily for use by military personnel and their dependents.

B.     Section 21 of the Use Agreement provides the terms for resolution of disputes between the Parties.

C.     The Government and Project Owner desire to amend and restate Section 21 as set forth in this First Amendment.

## AGREEMENTS

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.     The existing Section 21 of the Use Agreement shall be deleted in its entirety and the following Section 21 substituted therefor:

## SECTION 21.

## DISPUTES

21.1   Disputes under this Use Agreement are subject to the Contract Disputes Act of 1978, as amended, 41 U.S.C. §§ 601 *et seq.* Notwithstanding anything in this Use Agreement to the contrary, at any time, either party may submit a claim in accordance with the Contract Disputes Act. If a dispute should arise, the Parties agree to first attempt to resolve the dispute using unassisted negotiation techniques (i.e., without the assistance of a neutral third party).

First Amendment to Amended and Restated
Declaration of Restrictive Covenants and
Use Agreement – Patrick AFB                                                                1

Either party may request in writing that unassisted negotiations commence. As part of the unassisted negotiation, the Parties shall consider employing joint fact-finding, if material factual disputes are involved, and shall consider using other early resolution techniques appropriate to the circumstances. If the dispute involves material issues of fact, the Parties may employ a neutral third party to provide a confidential evaluation of the issues of fact. If the dispute is not resolved within 60 days of the request for unassisted negotiations, and the Parties do not mutually agree to continue the unassisted negotiations, the Parties shall employ alternative dispute resolution (ADR) procedures involving nonbinding mediation of the dispute by a neutral third party. The ADR procedures employed shall include a confidential evaluation of both the facts and the law and the issuance of confidential recommendations by the third party neutral.

21.2    If the Parties are unable to resolve the dispute following unassisted negotiations and/or the ADR proceeding, and the dispute already has been the subject of a claim under the Contract Disputes Act, the contracting officer shall issue a final decision under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613 on the claim. To the extent the dispute has not been the subject of a prior contract claim, a party wishing to pursue the dispute may submit the claim under the Contract Disputes Act without the need for further unassisted negotiations or ADR. Before the contracting officer can issue a final decision on a contractor claim, the claim must be submitted in writing to the contracting officer at the address provided in Section 20, and must comply with all requirements of 41 U.S.C. § 605. The contracting officer's final decision may be appealed as provided in 41 U.S.C. §§ 607 and 609.

21.3    Notwithstanding any other provision of this Use Agreement to the contrary, the disputes procedures set forth in this Section 21 supersede any other disputes procedures set forth in this Use Agreement.

21.4    Voluntary Agreement. By entering into this Use Agreement, the Parties have voluntarily adopted ADR procedures. A Party rejecting ADR as inappropriate shall document its reasons in writing and deliver them to the other Party. The Parties shall enter into a master written ADR Agreement governing ADR proceedings that may be amended as needed to fit individual proceedings. (A template of an acceptable ADR agreement may be found at www.adr.af.mil.)

21.5    The Parties understand and agree that the Government's obligation to make any payment arising out of an agreement resolving a dispute under this Use Agreement is contingent upon the availability of funds proper for such payment.

2.    Except as provided herein, all of the terms, provisions and conditions of the Use Agreement are and shall remain in full force and effect.

3.    This First Amendment may be executed in one or more counterparts, each of which shall be an original and all of which shall constitute one and the same instruments.

IN WITNESS WHEREOF, the Parties have executed this First Amendment as of the Effective Date.

First Amendment to Amended and Restated
Declaration of Restrictive Covenants and
Use Agreement – Patrick AFB

2

**GOVERNMENT SIGNATURE PAGE TO**
**FIRST AMENDMENT TO AMENDED AND RESTATED DECLARATION OF**
**RESTRICTIVE COVENANTS AND USE AGREEMENT**
**PATRICK AFB**

THE UNITED STATES OF AMERICA,
Acting by and through the Secretary of the
Air Force

By: _Kathleen I. Ferguson_ _____
KATHLEEN I. FERGUSON, P.E.
Deputy Assistant Secretary of the Air Force
(Installations)

First Amendment to Amended and Restated
Declaration of Restrictive Covenants and
Use Agreement – Patrick AFB                                    3

PROJECT OWNER SIGNATURE PAGE TO
FIRST AMENDMENT TO AMENDED AND RESTATED DECLARATION OF
RESTRICTIVE COVENANTS AND USE AGREEMENT
PATRICK AFB

PATRICK FAMILY HOUSING, LLC

By:    PFH Management, LLC, its managing
member

By:    _____
Salvatore R. Carabetta,
Authorized Signatory

First Amendment to Amended and Restated
Declaration of Restrictive Covenants and
Use Agreement – Patrick AFB

4

# DEPARTMENT OF THE AIR FORCE

## FIRST AMENDMENT TO AMENDED AND RESTATED LEASE OF PROPERTY

## ON HANSCOM AIR FORCE BASE, MASSACHUSETTS

THIS FIRST AMENDMENT TO AMENDED AND RESTATED LEASE OF PROPERTY ("First Amendment") is made to be effective as of May **20**, 2008, (the "Effective Date"), by and between THE UNITED STATES OF AMERICA, acting by and through THE SECRETARY OF THE AIR FORCE (the "Government") and HANSCOM FAMILY HOUSING, LLC, a limited liability company created under the laws of the State of Delaware, with its principal offices located at 200 Pratt Street, Meriden, Connecticut, 06450 ("Lessee"). The Government and Lessee jointly sometimes are referred to in this First Amendment as the "Parties."

## RECITALS

A.    The Government and Lessee executed an Amended and Restated Lease of Property as of October 29, 2004 (the "Lease") which provides for the lease of four (4) parcels of land situated within the boundaries of Little Rock AFB, for purposes of demolition, design, construction, renovation, operation and maintenance of a rental housing development.

B.    Condition 23 of the Lease provides the terms for resolution of disputes between the Parties.

C.    The Government and Lessee desire to amend and restate Condition 23 as set forth in this First Amendment.

## AGREEMENTS

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    The existing Condition 23 of the Lease shall be deleted in its entirety and the following Condition 23 substituted therefor:

## CONDITION 23.

## DISPUTES

23.1    Disputes under this Lease are subject to the Contract Disputes Act of 1978, as amended, 41 U.S.C. §§ 601 *et seq.* Notwithstanding anything in this Lease to the contrary, at any time, either party may submit a claim in accordance with the Contract Disputes Act. If a dispute should arise, the Parties agree to first attempt to resolve the dispute using unassisted negotiation techniques (i.e., without the assistance of a neutral third party). Either party may request in writing that unassisted negotiations commence. As part of the unassisted negotiation, the Parties shall consider employing joint fact-finding, if material factual disputes are involved, and shall consider using other early resolution techniques appropriate to the circumstances. If the dispute involves material issues of fact, the Parties may employ a neutral third party to

provide a confidential evaluation of the issues of fact. If the dispute is not resolved within 60 days of the request for unassisted negotiations, and the Parties do not mutually agree to continue the unassisted negotiations, the Parties shall employ alternative dispute resolution (ADR) procedures involving nonbinding mediation of the dispute by a neutral third party. The ADR procedures employed shall include a confidential evaluation of both the facts and the law and the issuance of confidential recommendations by the third party neutral.

23.2    If the Parties are unable to resolve the dispute following unassisted negotiations and/or the ADR proceeding, and the dispute already has been the subject of a claim under the Contract Disputes Act, the contracting officer shall issue a final decision under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613 on the claim. To the extent the dispute has not been the subject of a prior contract claim, a party wishing to further pursue the dispute may submit the claim under the Contract Disputes Act without the need for further unassisted negotiations or ADR. Before the contracting officer can issue a final decision on a contractor claim, the claim must be submitted in writing to the contracting officer at the address provided in Condition 20, and must comply with all requirements of 41 U.S.C. § 605. The contracting officer's final decision may be appealed as provided in 41 U.S.C. §§ 607 and 609.

23.3    Notwithstanding any other provision of this Lease to the contrary, the disputes procedures set forth in this Condition 23 supersede any other disputes procedures set forth in this Lease.

23.4    Voluntary Agreement. By entering into this Lease, the Parties have voluntarily adopted ADR procedures. A Party rejecting ADR as inappropriate shall document its reasons in writing and deliver them to the other Party. The Parties shall enter into a master written ADR Agreement governing ADR proceedings that may be amended as needed to fit individual proceedings. (A template of an acceptable ADR agreement may be found at www.adr.af.mil.)

23.5    The Parties understand and agree that the Government's obligation to make any payment arising out of an agreement resolving a dispute under this Lease is contingent upon the availability of funds proper for such payment.

2.    Except as provided herein, all of the terms, provisions and conditions of the Lease are and shall remain in full force and effect.

3.    This First Amendment may be executed in one or more counterparts, each of which shall be an original and all of which shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have executed this First Amendment as of the Effective Date.

[Signatures appear on the following pages]

GOVERNMENT SIGNATURE PAGE TO
FIRST AMENDMENT TO AMENDED AND RESTATED LEASE OF PROPERTY
HANSCOM AFB

THE UNITED STATES OF AMERICA,
Acting by and through the Secretary of the
Air Force

By: _Kathleen I. Ferguson_____
KATHLEEN I. FERGUSON, P.E.
Deputy Assistant Secretary of the Air Force
(Installations)

First Amendment to Amended and
Restated Lease of Property – Hanscom AFB

LESSEE SIGNATURE PAGE TO
FIRST AMENDMENT TO AMENDED AND RESTATED LEASE OF PROPERTY
HANSCOM AFB

HANSCOM FAMILY HOUSING, LLC

By:    AEH Management, LLC, its managing
member

By:    _____
       Salvatore R. Carabetta,
       Authorized Signatory

# DEPARTMENT OF THE AIR FORCE

## FIRST AMENDMENT TO AMENDED AND RESTATED LEASE OF PROPERTY

## ON LITTLE ROCK AIR FORCE BASE, JACKSONVILLE, ARKANSAS

THIS FIRST AMENDMENT TO AMENDED AND RESTATED LEASE OF PROPERTY ("First Amendment") is made to be effective as of May **20**, 2008, (the "Effective Date"), by and between THE UNITED STATES OF AMERICA, acting by and through THE SECRETARY OF THE AIR FORCE (the "Government") and LITTLE ROCK FAMILY HOUSING, LLC, a limited liability company created under the laws of the State of Delaware, with its principal offices located at 200 Pratt Street, Meriden, Connecticut, 06450 ("Lessee"). The Government and Lessee jointly sometimes are referred to in this First Amendment as the "Parties."

## RECITALS

A.     The Government and Lessee executed an Amended and Restated Lease of Property as of November 1, 2004 (the "Lease") which provides for the lease of two (2) parcels of land situated within the boundaries of Little Rock AFB, for purposes of demolition, design, construction, renovation, operation and maintenance of a rental housing development.

B.     Condition 23 of the Lease provides the terms for resolution of disputes between the Parties.

C.     The Government and Lessee desire to amend and restate Condition 23 as set forth in this First Amendment.

## AGREEMENTS

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.     The existing Condition 23 of the Lease shall be deleted in its entirety and the following Condition 23 substituted therefor:

## CONDITION 23.

## DISPUTES

23.1     Disputes under this Lease are subject to the Contract Disputes Act of 1978, as amended, 41 U.S.C. §§ 601 *et seq.* Notwithstanding anything in this Lease to the contrary, at any time, either party may submit a claim in accordance with the Contract Disputes Act. If a dispute should arise, the Parties agree to first attempt to resolve the dispute using unassisted negotiation techniques (i.e., without the assistance of a neutral third party). Either party may request in writing that unassisted negotiations commence. As part of the unassisted negotiation, the Parties shall consider employing joint fact-finding, if material factual disputes are involved, and shall consider using other early resolution techniques appropriate to the circumstances. If the dispute involves material issues of fact, the Parties may employ a neutral third party to

provide a confidential evaluation of the issues of fact. If the dispute is not resolved within 60 days of the request for unassisted negotiations, and the Parties do not mutually agree to continue the unassisted negotiations, the Parties shall employ alternative dispute resolution (ADR) procedures involving nonbinding mediation of the dispute by a neutral third party. The ADR procedures employed shall include a confidential evaluation of both the facts and the law and the issuance of confidential recommendations by the third party neutral.

23.2    If the Parties are unable to resolve the dispute following unassisted negotiations and/or the ADR proceeding, and the dispute already has been the subject of a claim under the Contract Disputes Act, the contracting officer shall issue a final decision under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613 on the claim. To the extent the dispute has not been the subject of a prior contract claim, a party wishing to further pursue the dispute may submit the claim under the Contract Disputes Act without the need for further unassisted negotiations or ADR. Before the contracting officer can issue a final decision on a contractor claim, the claim must be submitted in writing to the contracting officer at the address provided in Condition 20, and must comply with all requirements of 41 U.S.C. § 605. The contracting officer's final decision may be appealed as provided in 41 U.S.C. §§ 607 and 609.

23.3    Notwithstanding any other provision of this Lease to the contrary, the disputes procedures set forth in this Condition 23 supersede any other disputes procedures set forth in this Lease.

23.4    Voluntary Agreement. By entering into this Lease, the Parties have voluntarily adopted ADR procedures. A Party rejecting ADR as inappropriate shall document its reasons in writing and deliver them to the other Party. The Parties shall enter into a master written ADR Agreement governing ADR proceedings that may be amended as needed to fit individual proceedings. (A template of an acceptable ADR agreement may be found at www.adr.af.mil.)

23.5    The Parties understand and agree that the Government's obligation to make any payment arising out of an agreement resolving a dispute under this Lease is contingent upon the availability of funds proper for such payment.

2.    Except as provided herein, all of the terms, provisions and conditions of the Lease are and shall remain in full force and effect.

3.    This First Amendment may be executed in one or more counterparts, each of which shall be an original and all of which shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have executed this First Amendment as of the Effective Date.

[Signatures appear on the following pages]

First Amendment to Amended and
Restated Lease of Property – Little Rock AFB

GOVERNMENT SIGNATURE PAGE TO
FIRST AMENDMENT TO AMENDED AND RESTATED LEASE OF PROPERTY
LITTLE ROCK AFB

THE UNITED STATES OF AMERICA,
Acting by and through the Secretary of the
Air Force

By: _Kathleen I. Ferguson_____
KATHLEEN I. FERGUSON, P.E.
Deputy Assistant Secretary of the Air Force
(Installations)

LESSEE SIGNATURE PAGE TO
FIRST AMENDMENT TO AMENDED AND RESTATED LEASE OF PROPERTY
LITTLE ROCK AFB

LITTLE ROCK FAMILY HOUSING, LLC

By:     LRFH Management, LLC, its managing
member

By: _____
Salvatore R. Carabetta,
Authorized Signatory

First Amendment to Amended and
Restated Lease of Property – Little Rock AFB                                    4